UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRETREE, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF NORWALK et al. <br><br> *Defendants*. | No. 3:17cv1088 (MPS) |

**RULING ON MOTION TO INTRODUCE EVIDENCE IN ADDITION TO THE CONTENTS OF THE RETURN OF RECORD**

Plaintiff Firetree, Ltd. brought suit against defendants[1] for denying it various permits required for it to operate a halfway house in Norwalk, Connecticut. Plaintiff makes various claims alleging violations of the Americans with Disabilities Act, the Fair Housing Act, and other federal and state law claims. Relevant here are two of plaintiff's claims brought under Conn. Gen. Stat. § 8-8 against the City of Norwalk Zoning Board of Appeals ("ZBA") for its denial of a reentry facility appeal (count eight) and for its denial of a special exception application (count nine). These are zoning appeals, and in accordance with Conn. Gen. Stat. § 8-8(i), the ZBA transmitted to the Court the records for both ZBA decisions. Since then, the parties have conducted discovery and plaintiff has designated additional evidence that it now seeks to include in each of the two records. ECF No. 114. I assume familiarity with the relevant briefs and exhibits, ECF No. 114; ECF No. 115; ECF No. 116; ECF No. 118; ECF No. 120, and the

---

[1] The defendants include the City of Norwalk Zoning Board of Appeals, the City of Norwalk, and the following individuals, all of whom are sued in their official capacities: Aline Rochefort, Harry Rilling; Michael Wrinn; William Ireland; Andrew Conroy; Lee Levey; Gregory Brasher; Taylor Strubinger; Keith Lyon; and Nadine Campbell.

1

oral argument held on August 8, 2019, and grant in part and deny in part plaintiff's motion as set forth below.

## I. Legal Standards

Conn. Gen. Stat. § 8-8(i) provides that "[t]he court may require or permit subsequent corrections or additions to the record" after the record has been transmitted to the court. In addition, Conn. Gen. Stat. § 8-8(k) provides that:

> The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. The court may take the evidence or may appoint a referee or committee to take such evidence as it directs and report the same to the court, with any findings of facts and conclusions of law. Any report of a referee, committee or mediator under subsection (f) of section 8-8a shall constitute a part of the proceedings on which the determination of the court shall be made.

Under this statute, a "trial court ha[s] the authority to decide in the exercise of its discretion, whether additional evidence [i]s necessary for the equitable disposition of the appeal." *Parslow v. Zoning Bd. of Appeals of Town of Middletown*, 110 Conn. App. 349, 353 (Conn. App. 2008).

"[T]here are certain areas in which it is almost obligatory that the trial court allow evidence to supplement the record before the board," including "when there are claims of confiscation, improper receipt of evidence after the public hearing, conflicts of interest by members of the land use board, predetermination and former applications to the agency, among others." *Id.* at 355-56; *see also Harrison v. New Haven Bd. of Zoning Appeals*, 2004 WL 1966962, at *3 (Conn. Super. Aug. 2, 2004) (explaining that a party has the right to introduce additional evidence where it is making "claims of constitutional violations, ex parte communications, [and] procedural irregularities, including claims of bias"). Such evidence is properly added to the record in these cases because, "by their very nature these types of claims

would not have been addressed or only obliquely so, in the administrative body's record." *Harrison*, 2004 WL 1966962 at *3.

The court may also permit the addition of evidence that could have been presented to the ZBA, but was not, as long as "the evidence is material and there is good reason for the failure to produce the evidence at the original hearing." *Parslow*, 110 Conn. App at 359; *see also* R. Fuller, 9A Connecticut Practice Series: Land Use Law & Practice (4th ed.) § 32.8 ("The trial court has discretion on whether to take additional evidence, but should ordinarily allow it only when the record is insufficient or when there is an extraordinary reason for it, and before allowing additional evidence, the court should: (1) determine that the additional evidence is material and (2) that there was a good reason for the failure to present the evidence in the original proceeding.").

**II. Discussion**

In this case, plaintiff seeks to add five different categories of evidence to the appeal and special exception records: (1) emails involving city officials; (2) excerpts of transcripts of depositions taken in this litigation; (3) video recordings of the public hearings before the ZBA; (4) 1990 Norwalk Zoning Commission documents; and (5) documents related to the approval of a Sober House at 17 Quintard Avenue. ECF No. 116. After reviewing the legal standards, the briefs, and the parties' arguments during the telephonic status conference held on August 8, 2019, the Court hereby finds as follows.

**A. First Category: Emails**

The Court finds that only the following emails and attachments shall be added to the appeal and special exception records. First, the email from Brian McCann to the Chair of the ZBA and others, ECF No. 116-1 at 92, and the attached letter to the Bureau of Prisons, *id*. at 95,

shall be added to both records. In addition, at the telephonic status conference, plaintiff represented that an email between two ZBA members that was then forwarded to Aline Rochefort and Brian McCann by the Chair of the ZBA was already included in the special exception record but should also be included in the appeal record. *See* ECF No. 120. This email and the forwarding email shall be added to the appeal record.

### B. Second Category: Deposition Transcripts

The Court finds that only the following excerpts and attachments to deposition transcripts shall be added to the appeal and special exception records. The deposition excerpt from the deposition of Donna Smirniotopoulos at ECF No. 116-5 at 93-94, and the exhibit to Michael Wrinn's deposition showing an email from Donna Smirniotopoulos that Aline Rochefort forwarded to members of the ZBA, *id*. at 196-97, shall be added to both records. The email from a member of the ZBA transmitting a message from a councilman to other members of the ZBA, *id*. at 85, is already included in the special exception record (per the parties' representations on the August 8, 2019 telephonic status conference) and shall also be included in the appeal record. Finally, the emails from a member of the ZBA to Aline Rochefort and Brian McCann, *id*. at 84, shall be included in both the appeal record and the special exception record if they are not already included in those records.

### C. Third Category: Video of ZBA Hearing

The Court finds that the portions of the video recordings during which the ZBA members were present and in session – and no other portions – may be added to the records to which they apply. That said, not all such portions are likely to be material. The plaintiff shall designate material portions of the video recordings and the defendants may cross-designate other portions necessary for completeness, i.e. necessary to place the plaintiff's designations in context. All

counsel are cautioned not to over designate. The plaintiff's designations shall be provided to the defendant by **noon on August 16, 2019,** and the defendants shall provide counter-designations by **noon on August 22, 2019.** Plaintiff shall file both on the docket by close of business on **August 23, 2019.**

### D. Fourth and Fifth Categories: 1990 Norwalk Zoning Commission Documents and Documents Related to the Approval of a Sober House at 17 Quintard Avenue

The fourth and fifth categories of records shall be added to the appeal and special exception records. The Court notes, however, that the fifth category of documents related to the approval of a Sober House at 17 Quintard Avenue are not the product of any decisions by the ZBA. As such, plaintiff may add this category of documents to the appeal and special exception records for the limited purpose of arguing that the ZBA was wrong as a matter of law. The Court will not consider these documents for any other purpose.

### E. Other Additions

At the conclusion of the telephonic status conference held on August 8, 2019, the plaintiff represented that an article from a local blog called "Nancy on Norwalk" was already included in the special exception record and sought to also include it in the appeal record. The Court provided the defendants until noon on August 12, 2019 to file an opposition to this request and explained that the decision not to file an opposition by this deadline would be construed as assent to the plaintiff's request. No opposition has been filed. Accordingly, the article shall be added to the appeal record.

### F. Filing Requirements and Briefing Schedule

The parties shall revise the appeal record and the special exception record in accordance with this order. The plaintiff shall then file amended versions of each record—in full—on the

docket by **August 24, 2019.** The revised records shall take the place of the records already on file at ECF No. 82 and ECF No. 83.

Finally, the Court clarifies the briefing schedule as follows. Dispositive motions are due on or before **September 13, 2019.** ECF No. 111. Responses and replies shall comply with the deadlines and page limits set forth in the local rules. In addition, the plaintiff shall file its separate briefs regarding the two ZBA appeals on or before **September 13, 2019.** These briefs shall not exceed 25 pages each, and each must be accompanied by a Local Rule 56 statement. The defendants shall then have 30 days to file their responses. Their briefs shall also be limited to 25 pages each, and each must likewise be accompanied by a Local Rule 56 statement. The plaintiff shall then have 20 days to file its replies. The replies shall be limited to 10 pages each.

IT IS SO ORDERED.

/s/ MICHAEL P. SHEA
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
August 13, 2019